## Lewis Packing Co. to Use *v.* Green et al.

Argued November 12, 1930.

Before TREX-LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Alvin Levi* of *Levi & Mandel,* for appellant.

*Harry Fischer,* and with him *Bernard A. Illoway,* for appellee.

Opinion by Whitmore, J., December 12, 1930:

This is an action in assumpsit brought by the use-plaintiff to recover from each of the defendants named, as co-partners, the sum of $1,221.80 with interest. It was tried before the court below without a jury and judgments were entered against each defendant. The defendant Moyerman, against whom judgment was entered for $1,541.83, appealed.

There are five assignments of error; the first, refusal of the learned court below to grant a new trial; second, refusal to grant the appellant, motion for judgment non obstante veredicto; third, refusing to affirm the defendant's point that under all the evidence the finding must be in favor of Moyerman; fourth and fifth, excluding offers of proof; and sixth, in not permitting the appellant to amend his affidavit of defense.

The exhibits attached to the plaintiff's statement of claim show that a very large part of the goods in question were purchased by and billed to the Greenett Packing Company, the co-partnership, prior to December 5, 1924, the date when the certificate of incorporation of the Greenett Pickling & Preserving Company was recorded in Philadelphia County.

It appears from the evidence that the four defendants were co-partners late trading as Greenett Packing Company under a written agreement between them dated October 11, 1924, whereby the defendant appellant was admitted into the firm. He was to contribute $2,500, Patrick J. Green $2,500, William S. Hett $2,000, and Nathan Hoffman $1,000. The fifth paragraph of the agreement is as follows:

"It is understood and agreed that the said Moyerman is to be responsible in proportion to his share for any obligations assumed by the Greenett Packing Company and which will be assumed by the Greenett Packing Company in the conduct of their business."

On October 11, 1924 the defendants applied to the Commonwealth for a charter and on November 21, 1924 it was granted in the name of Greenett Pickling & Preserving Company, and recorded in Philadelphia County December 5, 1924. Prior to the institution of the present suit the use-plaintiff brought an action in the municipal court at Philadelphia against the Greenett Pickling & Preserving Company, a corporation, to recover for the same goods for which the present suit was brought, on the allegation that the corporation had assumed the indebtedness. An affidavit of defense was filed on behalf of the Greenett Pickling & Preserving Company, executed by P. J. Green, denying all liability, and the court below entered judgment against the corporation for want of a sufficient affidavit of defense, but this judgment was never collected. In the present suit an affidavit of defense executed November 25, 1925 by Moyerman appellant denied liability on the part of the partnership.

At the trial there was offered in evidence letters from Moyerman to the plaintiff, one dated May 1, 1925, wherein he stated: "I have advised them (meaning the Greenett Pickling & Preserving Company) that

legally they are not responsible for the payment of your claim because it was not a claim contracted by the corporation but by the Greenett Packing Company, a partnership;'' the other letter, dated May 11, 1925, states: ''Promises made by the corporation to pay the claims of the old company were merely gratuitous and are not binding as the corporation was in no way responsible in contracting the original claim.'' A situation was thus presented where one of the former partners and an incorporator of the corporation in an affidavit of defense denied that the corporation was liable, claiming it was a debt of the partnership, while on the other hand Moyerman, appellant, another partner and incorporator, in his affidavit of defense avers that it was a debt of the corporation. Taking the affidavits of defense and the letters written by Moyerman, the weakness of the defense, as suggested by the appellee in his argument, will be readily perceived. The appellant, having declared in writing that the corporation was not responsible for the claim because it was contracted by the Greenett Packing Company, a partnership, can not now shield himself behind a judgment that was obtained against the corporation for want of a sufficient affidavit of defense. The action of the learned court below in disposing of the questions raised under the assignments of error was clearly proper and an extended discussion with respect thereto is unnecessary.

A careful examination of the record leads us to the conclusion that no error was committed by the court below in entering judgment against the defendant and the assignments are, therefore, overruled and the judgment affirmed at the cost of the appellant.